**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gila River Indian Community, et al., | No. CV-22-01993-PHX-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| Xavier Becerra, et al., | |
| Defendants. | |

This case was filed in 2022 but was stayed for years pending other litigation and settlement discussions. The court eventually determined a continued stay was not appropriate and on February 25, 2026, the parties filed their case management report. (Doc. 60.) That report explained the parties did not anticipate significant discovery but proposed a fact discovery deadline in January 2027 and a dispositive motion deadline in June 2027. The court rejected those deadlines and directed the parties to submit a schedule that would allow for dispositive motions to be filed in December 2026. (Doc. 61 at 1.) In the parties' revised case management report, they jointly identified May 1, 2026, as an appropriate deadline for good-faith settlement talks. The relevant portion of the report stated: "The parties have been engaging in face-to-face good faith settlement talks for several months. The parties propose Friday, May 1, 2026 as the latest date to reconvene such talks via videoconference." (Doc. 62 at 2.) The court issued a scheduling order that ordered "[a]ll parties and their counsel shall meet in person or via videoconference and engage in good faith settlement talks no later than May 1, 2026." (Doc. 63 at 7.)

On May 8, 2026, the parties filed a joint status report. In that report, plaintiffs state they "attempted to coordinate an in-person settlement conference within the time frame established by the Court," but "Defendants responded that they may need yet additional information exchanges before engaging in settlement discussions." (Doc. 67 at 2.) Defendants agree they opted to ignore the court-ordered deadline for settlement talks. Defense counsel explains that when he agreed to May 1, 2026, as the deadline for settlement discussions, he "believed the parties would be able to meet to talk numbers by then, but it has not worked out that way." (Doc. 67 at 3.) Defense counsel then states this litigation is complicated and he "intends to try to meet in person soon, probably late May or early June." (Doc. 67 at 3.) According to defense counsel, there is a set procedure by which tribes and the federal government engage in settlement talks and "[t]he government is not willing to alter this process for a case such as this." (Doc. 67 at 3.) Defense counsel does not cite any authority allowing government defendants or government counsel to ignore court-imposed deadlines.

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (simplified). A party's failure to comply with a scheduling order "undermine[s] the court's ability to control its docket, disrupt[s] the agreed-upon course of the litigation, and reward[s] the indolent and the cavalier." *Id.* Government defendants and counsel are not exempt from scheduling order deadlines. *See Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 776 n.4 (9th Cir. 1994) ("When the government is named as a party to an action, it is placed in the same position as a private litigant, and the rules of discovery in the Federal Rules of Civil Procedure apply."). The appropriate—and expected—response to a court-ordered deadline that cannot be met is a motion seeking an extension of time that explains the basis for that request.

Government counsel's behavior is particularly troubling here because the statement that "[t]he government is not willing to alter this process for a case such as this" (Doc. 67 at 3) indicates he violated the scheduling order consciously. In the future, if government

counsel cannot meet a scheduling deadline, he must seek to extend it before it expires instead of choosing to ignore it. *See* Fed. R. Civ. P. 16(f)(1)(C) (allowing sanctions for failing "to obey a scheduling . . . order"). In addition, government counsel must provide a copy of this order to the Chief of the Civil Division at the United States Attorney's Office.

The parties shall confer and provide a date-certain for settlement discussions. All other case management deadlines remain in place.

**IT IS ORDERED** no later than **May 19, 2026**, the parties shall file a joint report identifying a date certain for settlement discussions.

Dated this 12th day of May, 2026.

Honorable Krissa M. Lanham
United States District Judge

- 3 -